**MINORITY EQUITY CAPITAL COMPANY, INC., Plaintiff,**

v.

**Eugene D. JACKSON, Defendant.**

**No. 92 Civ. 0532 (LJF).**

United States District Court, S.D. New York.

Sept. 9, 1992.

---

Douglas R. Pappas, Kramer, Levin, Nessen, Kamin & Frankel, New York City, for plaintiff.

John Somers, Derfner & Mahler, New York City, for defendant.

## OPINION AND ORDER

FREEH, District Judge.

In this action involving a promissory note, Minority Equity Capital Company, Inc. ("MECCO") seeks summary judgment pursuant to Fed.R.Civ.P. 56 against Eugene D. Jackson ("Jackson") on the grounds that Jackson is in substantial default. Jackson opposes MECCO's motion and cross-moves for summary judgment and Rule 11 sanctions contending that under the Subordination Agreement, MECCO has no right to sue Jackson until he pays all his debts to Chemical Bank ("Chemical"), the Senior Creditor. For the reasons stated at oral argument and below, MEC-

CO's motion is granted and Jackson's denied.[1]

*Facts*

The undisputed facts are as follows. On or about January 10, 1989, Jackson purchased from MECCO shares of stock in a company known as Unity Broadcasting Network. The $1,618,078.35 purchase price was paid by cash and promissory note. The $800,000.00 cash portion came from a loan by Chemical. The remaining sum was in the form of a promissory note (the "Note") from Jackson to MECCO in the amount of $818,078.35. Chemical, Jackson, and MECCO also entered into a Subordination Agreement whereby the debt represented by the Note would be subordinate to the debt owed by Jackson to Chemical.

Paragraph 2(a) of the Subordination Agreement provides that MECCO may not sue Jackson until Jackson's obligations to Chemical have been paid in full:

2. *Restrictions on Payment of the Subordinated Obligations, etc.* (a) Except as provided in paragraph (b) hereof, [MECCO] will not ask, demand for, sue for, take or receive, directly or indirectly, from [Jackson] or any affiliate thereof, in cash or other property, by set-off or otherwise, by exercise of any remedies or rights under the Junior Obligation Documents or by executions, garnishments, levies, attachments or by any other action relating to the [Note], or in any other manner, receive payment of, or security for, all or any part of the [Note] unless and until the Senior Obligations have been paid in full.

Paragraph 2(b), however, contains the following exception to paragraph 2(a):

(b) Notwithstanding the provisions of paragraph (a), [MECCO] may receive, and [Jackson] may pay (but not prepay) principal and interest on the [Note] in the amount and at the times set forth therein ... if, and only if at the time of making

1. In his Answer, Jackson initially raised the affirmative defenses of a lack of personal jurisdiction and that the payment terms of the Note were either waived or modified. He evidently abandoned these contentions since he has made no arguments in their support. Nonetheless, the plaintiff has amply demonstrated that both these affirmative defenses have no merit. *See* MECCO's Memorandum of Law in Support of Motion for Summary Judgment, p. 8–15.

any such Scheduled payment and immediately after giving effect thereto, no default ... shall have occurred and be continuing; *provided however,* that if [MECCO] does not receive three consecutive Scheduled Interest Payments or three consecutive Principal payments ... notwithstanding that the Bank has not declared the Senior Obligations to be immediately due and payable, [MECCO] may, upon giving ten days prior written notice to the Bank, accelerate the [Note]. (emphasis added).

On June 12, 1991, after more than three defaults, MECCO notified Chemical of its intention pursuant to ¶ 2(b) to accelerate the Note. On June 24, 1991, MECCO sent Jackson notice that it was exercising its right to acceleration. Chemical, in a letter also dated June 24, 1991, asked MECCO "to refrain from taking any action with regard to the Subordinated Obligations ..."

MECCO seeks a judgment on the full accelerated amount of the Note, plus costs and attorneys' fees, as provided for in the Note. Because Chemical has informed MECCO that Jackson is also in default on his senior debt to Chemical, MECCO seeks only to secure a judgment against Jackson, not to collect funds from him or to execute that judgment.

Jackson seeks a judgment arguing that this action is in violation of ¶¶ 2(a) and (b) of the Subordination Agreement because while MECCO has a right to accelerate the debt the Subordination Agreement does not provide MECCO with a right to sue. He further demands that MECCO be sanctioned pursuant to Fed.R.Civ.P. 11 since, he alleges, MECCO was well aware that this action violated the Subordination Agreement.

*Discussion*

The purpose of a subordination agreement is set out the relative positions of lenders in respect to their right to receive payments from the borrower. The use of subordination agreements is common where the senior creditor, usually a bank, is interested in taking a low risk with respect to repayment. The subordinate credi-tor, however, usually a non-bank lending institution, takes a higher risk with respect to repayment in the hope that the yield will be greater. *See e.g., Charles W. and Ruby W. Norton, Inc. v. Leadville Corp.,* 570 F.2d 911, 912–13 (10th Cir.1978).

■ It is undisputed that Jackson failed to make at least three consecutive payments. MECCO also sent Chemical notice of their intent to accelerate the Note more than ten days prior to acceleration. Furthermore, Chemical, during the relevant time period, had not declared Jackson's debt immediately due and payable. Thus, under the unambiguous terms of the Subordination Agreement, while a default by Jackson on his senior debt to Chemical may preclude MECCO from collecting regular, scheduled payments from Jackson, it in no way prevents MECCO from accelerating the Note if Jackson had missed three payments and if proper notice was given to Chemical. Accordingly, MECCO properly accelerated the Note.

■ MECCO contends that its right to sue while not specifically stated in ¶ 2(b) of the Subordination Agreement is clearly implied from ¶ 2(a) of the integrated agreement. The Court agrees. Paragraph 2(a) states in part: "Except as provided in paragraph (b) hereof, [MECCO] will not ask, demand for, sue for ...". While it is true ¶ 2(b) which immediately proceeds ¶ 2(a) does not restate MECCO's right to "ask", "demand for" or "sue for", clearly the parties intended to provide MECCO with the rights listed in ¶ 2(a) if the conditions in ¶ 2(b) were satisfied. Because it is undisputed by the parties that the conditions in ¶ 2(b) did occur, under the clear and unambiguous terms of ¶ 2(a) and (b) MECCO has every right to accelerate Jackson's debt and sue for a judgment thereon.

Accordingly, judgment is granted in favor of MECCO, collection on the judgment however is deferred until Jackson has paid his debt to Chemical as mandated under ¶ 2(a) of the Subordination Agreement. *See, e.g., Wisnouse v. Telsey,* 367 F.Supp. 855 (S.D.N.Y.1973) (Wienfield, J.,) (judgment awarded despite the fact that collec-

tion was forestalled pending determination of assets and liabilities of brokerage firm); *Charles W. and Ruby W. Norton, Inc. v. Leadville Corp.*, 570 F.2d 911 (10th Cir. 1978) (judgment entered for the subordinated creditor but judgment reflected senior creditor's right to first collect its debt); *Kornfeld v. NRX Technologies, Inc.*, 93 A.D.2d 772, 773, 461 N.Y.S.2d 342, 343 (1st Dep't 1983), *aff'd*, 62 N.Y.2d 686, 476 N.Y.S.2d 523, 465 N.E.2d 30 (1984) ("Any question in terms of priority as to the rights of the plaintiffs as against other creditors has no bearing upon the plaintiffs's right to judgment as against the [defendants].")); *Selick v. Wood & Selick, Inc.*, 119 N.Y.S.2d 913 (Sup.Ct.N.Y.Co. 1953) ("nothing prevents a present action at law" for a judgment by the subordinated creditor).

Finally, although ¶ 3(e) of the Subordination Agreement states that "[MECCO] shall not take any action to impair or otherwise adversely affect the foreclosure of, or other realization of [Chemical's] rights under the Senior Obligation Documents ...," Jackson has not demonstrated that Chemical would be negatively affected by a judgment. Admittedly, Jackson submits a letter from Chemical asking MECCO "to refrain from taking any action with regard to the Subordinated Obligations" because an acceleration of the Subordinated Note would be "adverse to Chemical Bank's interest as a creditor of Mr. Jackson."[2] However, a judgment which merely declares that MECCO has the right to the full accelerated amount of the Note as well as court costs and reasonable attorney's fees as provided for in the note, does not preclude Chemical from collecting its debt ahead of MECCO.[3]

In sum, the clear and unambiguous terms of the Subordination Agreement allowed MECCO to accelerate the Note and sue for a judgment thereon upon the occurrences of certain conditions: three missed payments and a ten day notice to Chemical of its intent to accelerate the Note. However, pursuant to ¶¶ 2(a) and 3(a)(1) of the Subordination Agreement, collection on this judgment shall be deferred until Jackson has fulfilled his obligations to Chemical.

For the foregoing reasons, because there is no genuine issue of material fact in dispute, MECCO's motion is granted. MECCO is directed to submit a judgment consistent with this opinion no later than 20 days from the date of this opinion.

SO ORDERED.

**2.** At the time of the letter from Chemical to MECCO, there existed a forbearance agreement between Chemical and Jackson in which Chemical agreed to refrain from instituting a collection proceeding. One of the conditions of that agreement was that none of the creditors of Jackson take any action that Chemical, in its sole discretion, determined to be damaging to their interests. Chemical felt that the acceleration of the Note would be such an adverse action because it violated the forbearance agreement. However, since that time, Chemical itself

has instituted a collection proceeding against Jackson for an incurred debt of $3,500,000. Thus, any damage to the forbearance agreement is now moot.

**3.** Chemical has had ample notice of this action and has never sought to intervene pursuant to Fed.R.Civ.P. 24. Nor has Chemical notified the parties or the Court that a declaratory judgment for MECCO would prejudice its interest.