■ PAUL C. NORDBERG, Appellant, v SOUTH STREET SEAPORT CORPORATION et al., Respondents. [843 NYS2d 20]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered February 24, 2006, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

The causes of action seeking collection on a subordinated note from the South Street Seaport Corporation, as obligor, or by piercing the corporate veil from its affiliate, the South Street Seaport Museum, are time-barred (CPLR 213 [2]) because plaintiff did not sue within six years from the date the note matured on May 31, 1998 (*see Scionti v Reid*, 238 AD2d 496 [1997]).

Contrary to plaintiff's contentions, the subordination provisions of the note do not mandate the conclusion that the statute of limitations period begins to run only when the senior note is paid or can no longer be enforced. While those provisions require that the senior debt be satisfied before the subordinated debt is paid, they expressly state that they are intended solely for the purpose of defining the relative rights of the senior and subordinate note holders; that they do not impair the obligations of the obligor to the holder to pay the principal and interest on the subordinated note when it became due in accordance with its terms; and that nothing would prevent the holder of the subordinated note from exercising all remedies otherwise permitted by applicable law upon default under the note, subject, however to the rights of the holder of the senior note (*see Kornfeld v NRX Tech.*, 93 AD2d 772 [1983], *affd on other grounds* 62 NY2d 686 [1984]; *Charles W. & Ruby W. Norton, Inc. v Leadville Corp.*, 570 F2d 911 [10th Cir 1978]; *Imtrac Indus., Inc. v Glassexport Co., Ltd.*, 1996 WL 39294, 1996 US Dist LEXIS 1022 [SD NY 1996]; *Minority Equity Capital Co., Inc. v Jackson*, 798 F Supp 200 [SD NY 1992]).

Plaintiff fares no better on his breach of contract and fraud claims against defendant JP Morgan Chase Bank, which are also untimely. According to plaintiff, the restructuring agreement was first breached at the initial closing in 1973. The six-year limitations period for breach of contract "begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong" (*Schmidt v Merchants Despatch Transp. Co.*, 270 NY 287, 300 [1936]; *Varga v Credit-Suisse*, 5 AD2d 289, 292 [1958], *affd* 5 NY2d 865 [1958]). Thus, the breach of contract claim is barred because it was not brought within six years from its accrual in 1973, and the fraud claim is barred because it was not brought within the longer of six years from its accrual or two years from the date the alleged fraud was either discovered or with reason-

able diligence should have been discovered (*see TMG-II v Price Waterhouse & Co.*, 175 AD2d 21 [1991], *lv denied* 79 NY2d 752 [1992]). In any event, dismissal of the claims against Chase is also warranted for the reasons stated by the motion court.

We have considered plaintiff's other arguments and find them without merit. Concur—Tom, J.P., Andrias, Marlow, McGuire and Malone, JJ.