07-4029-cv
SCR v. Warshawsky

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: November 21, 2008          Decided: March 12, 2009)

Docket No. 07-4029-cv

-------------------------------------

SCR JOINT VENTURE L.P.,

Plaintiff-Appellee,

- v -

ARI WARSHAWSKY and JEROME WARSHAWSKY

Defendants-Appellants.

-------------------------------------

Before: SACK and WESLEY, Circuit Judges, and KAHN, District Judge.[*]

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, Judge). The district court granted summary judgment for plaintiff-appellee SCR Joint Venture L.P. in its action to collect an allegedly unpaid debt from defendants-appellants Jerome and Ari Warshawsky, and denied the Warshawskys' motion to reconsider that decision.

We conclude, contrary to the decision of the district court, that, in the circumstances presented, a statement in an

[*] The Honorable Lawrence E. Kahn, of the United States District Court for the Northern District of New York, sitting by designation.

affidavit opposing the motion for summary judgment made "to my knowledge" was made with sufficient personal knowledge to create a genuine issue of material fact as to whether the senior debt had not been repaid, a fact that, if established, would preclude suit based on certain guarantees made by the defendants. To that extent we vacate the judgment of the district court. We agree with the district court and affirm, however, insofar as it dismissed on summary judgment the Warshawskys' claim that SCR acquired its interest with a champertous purpose in violation of section 489 of New York's Judiciary Law, and insofar as it granted summary judgment on SCR's claim for payment of debt on the so-called "Carve-Out Note."

Affirmed in part, vacated in part, and remanded.

RICHARD GABRIELE, Westerman, Ball, Ederer, Miller & Sharfsten, LLP, Mineola, NY, for Appellants.

STEVEN GIORDANO, Vlock & Associates, P.C., New York, NY, for Appellees.

SACK, Circuit Judge:

Defendants-Appellants Jerome and Ari Warshawsky (the "Warshawskys"), father and son, appeal from an order of the United States District Court for the Eastern District of New York (Arthur D. Spatt, Judge) filed August 17, 2007, denying a motion to reconsider an order of the court filed June 6, 2007. In the June 6 order, the district court granted summary judgment in favor of Plaintiff-Appellee, SCR Joint Venture L.P. ("SCR"), based on the Warshawskys' guarantees to SCR of notes that had

2

been issued by their business, I.W. Industries Inc. ("IW"), in connection with an ultimately unsuccessful reorganization in bankruptcy of the business.

The district court concluded that the relevant agreement between the parties required the senior IW debt to be repaid before SCR could seek to collect on the guarantees. It further held that the Warshawskys had the burden of establishing that the senior debt has not been repaid, and that they had not raised a triable issue of fact on that issue because their evidence as to it consisted only of hearsay deposition testimony and an affidavit of Jerome Warshawsky stating that "[t]o my knowledge, [the Senior Creditor] has not been paid in full."

We conclude that in this context, a statement made "to my knowledge," unlike a statement made "upon information and belief," is sufficient to assert personal knowledge and thus created a genuine issue of material fact as to the repayment. We therefore vacate the district court's judgment in that respect and remand as to that claim. We affirm the district court's grant of summary judgment against the Warshawskys, however, on their claim that SCR acquired its interest in the debt with a champertous purpose in violation of section 489 of New York's Judiciary Law, and on SCR's claim for repayment of one of the notes, which the parties refer to as the "Carve-Out Note."

3

**BACKGROUND**

On March 3, 2004, in connection with IW's ultimately unsuccessful Chapter 11 bankruptcy reorganization proceedings,[1] IW and SCR's predecessor in interest, Summitbridge National Investments, LLC ("Summitbridge"), executed three notes: (1) a "Carve-Out Note" in the sum of $79,971.77; (2) a "New Subordinated A Note" in the sum of $429,300; and (3) a "New Subordinated B Note" in the sum of $2,075,505.74 (collectively the "Notes"). On the same day, the Warshawskys each individually executed personal guarantees for payment of the Notes in the aggregate sum of $2,584,777.51 (the "Guarantees").

The next day, the Warshawskys, Summitbridge, Citibank N.A., and FCC, LLC, doing business as First Capital ("First Capital"), executed another agreement with IW called the Debt Subordination and Intercreditor Agreement (the "Subordination Agreement"), which, among other things, subordinated the debt of Summitbridge and Citibank, the "Junior Creditors," to that of First Capital, the "Senior Creditor." About four months later, on July 12, 2005, Summitbridge assigned and transferred its interest in the Notes and Guarantees to SCR.

According to SCR, the Warshawskys defaulted with respect to their obligation under the Notes and Guarantees by failing to pay any of the principal of or interest on them. This appeal arises out of an action by SCR brought in the district

---

[1] The company later underwent a consensual liquidation by its secured creditors.

court to collect this allegedly unpaid debt. The court granted summary judgment for SCR on three grounds relevant to this appeal. Memorandum and Order Granting Summary Judgment 21, SCR Joint Ventures, L.P. v. Warshawsky, No. 06 Civ. 3532 (E.D.N.Y Sept. 18, 2007) (Docket No. 47). First, the court rejected the Warshawskys' argument that SCR could not collect its debt because the senior debt had not been repaid, concluding that the Warshawskys had submitted no admissible evidence to show that the senior creditor had not been paid in full. Id. at 10-13. Second, the court rejected the Warshawskys' argument that SCR acquired the debt with a champertous purpose in violation of section 489 of New York's Judiciary Law, concluding that this argument was waived, and, even were it not, that there was no evidence establishing a triable issue of fact to support it. Id. at 13-18. Third, the court rejected the Warshawskys' argument that more discovery was needed prior to summary judgment in light of SCR's refusal to cooperate, concluding that the Warshawskys could have obtained the requested information previously. Id. at 18-21. The Warshawskys filed a motion to reconsider the grant of summary judgment, which the district court denied. The Warshawskys appeal.

**DISCUSSION**

I. Reviewability of the Summary Judgment Order

The Warshawskys' notice of appeal, while referring to the grant of summary judgment, explicitly appeals only from the

5

denial of their motion to reconsider.[2]  SCR argues that we therefore have jurisdiction to review only that order, not the underlying grant of summary judgment.

Our recent decision in "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115 (2d Cir. 2008) counsels otherwise.  In "R" Best Produce, we decided that we had jurisdiction to review an underlying district court order -- in that case denying a motion to vacate a default judgment -- where the notice of appeal referred to an order denying reconsideration, but not the underlying order itself.  We endorsed a "straightforward approach" to resolving the issue of which orders, not referred to in a notice of appeal, are reviewable, concluding that "a notice of appeal from denial of a motion to reconsider, filed within ten days of the order or judgment sought to be considered, suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made." Id. at 121.  The motion to reconsider in the instant case similarly "renews

---

[2] The Notice of Appeal states that the appeal is

> from the Memorandum Decision and Order of the Honorable Arthur D. Spatt, United States District Judge, denying Defendant's Motion for Reconsideration, entered on the 20th day of August, 2007, which Order denied reconsideration of the Memorandum Decision and Order granting Plaintiff's Motion for Summary Judgment, denying Defendants' Cross-Motion for Summary Judgment and granting related relief, entered on the 21st day of June, 2007.

Notice of Appeal, SCR Joint Ventures, L.P. v. Warshawsky, No. 06 Civ. 3532 (E.D.N.Y Sept. 18, 2007) (Docket No. 59).

arguments previously made," and, therefore, we may review the underlying order granting summary judgment.

## II.  Standard of Review

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor."  Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005).  Summary judgment must be granted to the movant "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008).  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  A fact is material if it might affect the outcome of the suit under the governing law."  Id. (citation and internal quotation marks omitted).

## III.  Payment of the Senior Debt

Section 2.4(a) of the Subordination Agreement provides:

> Until the Senior Creditor Repayment, no
> Junior Creditor shall be entitled to exercise
> any rights or remedies with respect to . . .
> any Guarantor or any Junior Creditor
> Guaranty, including without limitation to the
> right to . . . make demand under, sue under
> or otherwise seek payment under any Junior
> Creditor Guaranty. . . .

Subordination Agreement, § 2.4(a).  Under the terms of the Subordination Agreement, then, until full repayment has been made to the Senior Creditor, Junior Creditors, such as Summitbridge

7

and its successor in interest SCR, cannot bring suit against the Guarantors, the Warshawskys, for the Junior Creditor Guaranty, i.e., the debt owed to the Junior Creditor by the Warshawskys.

This lawsuit was brought for precisely that purpose: to collect on the debt allegedly owed to SCR by the Warshawskys. The Warshawskys assert that the Senior Creditor had not been paid in full at the time this action was begun, and that, therefore, this lawsuit is barred.

A. SCR's Arguments Based on Contractual Language

SCR argues that the remainder of section 2.4(a)[3] nonetheless permits it to bring this suit. But the proviso contained in that section applies only to "the Citibank Carve-Out Note, the Summitbridge Carve-Out Note or the Citibank Short Fall Note," not the New Subordinated A Note or the New Subordinated B Note at issue.

---

[3] The remainder of Section 2.4(a) reads:

> Notwithstanding the foregoing, if a Junior Creditor Note Default occurs with respect to the Citibank Carve-Out Note, the Summitbridge Carve-Out Note or the Citibank Short Fall Note, other than a default based solely upon the fact that a Junior Creditor Note Default under the Citibank Sub A Note, the Summitbridge Sub A Note, the Citibank Sub B Note or the Summitbridge Sub A Note has occurred, the applicable Junior Creditor may demand, sue for, take or receive from any Guarantor (but not from Borrower), by set off or in any other manner, the whole or any part of the amount due to such Junior Creditor in respect of the Citibank Carve-Out Note, the Summitbridge Carve-Out Note and/or the Citibank Short-Fall Note.

Subordination Agreement, § 2.4(a).

Section 2.6(b) of the Subordination Agreement provides that the "rights and interests . . . <u>hereunder</u> . . . shall remain in full force and effect irrespective of . . . any . . . defense available to . . . Borrower." Subordination Agreement, § 2.6(b) (emphasis added). SCR argues that this section permits it to assert its claim under the subordinated notes because it establishes that the Subordination Agreement does not "provide a defense" for the Warshawskys or "limit the rights" of SCR. Appellee Br. 20. But the provision refers only to the rights and interests under the Subordination Agreement. The Warshawskys are not asserting that the rights thereunder are not "in full force and effect." They insist only that these rights not be expanded to permit collection of the junior debt before the senior debt has fully been paid.[4]

B. The Warshawkys' Arguments Based on Nonpayment of the Senior Debt

The district court found that while the Senior Creditor had to be repaid before SCR could bring suit for its debt, the Warshawskys had not submitted admissible evidence to establish that the Senior Creditor had not been paid in full. In their motion to reconsider, the Warshawskys pointed out that prior to the court's ruling on the summary judgment motion, they had

---

[4] SCR also insists that it is entitled to relief on the basis of principles established in <u>Minority Equity Capital Co. v. Jackson</u>, 798 F. Supp. 200 (S.D.N.Y. 1992). But even were <u>Jackson</u> binding on the district court or on us, SCR's reliance is misplaced. The subordination agreement there contained an exception whereby the clause barring the right to bring suit before the senior debt was paid was not applicable if the debtor missed three consecutive payments. <u>Id.</u> at 202. There is no similar exception here.

submitted an affidavit by Jerome Warshawsky. It stated in pertinent part: "To my knowledge, First Capital has not been paid in full." Affidavit of Jerome Warshawsky, dated February 9, 2007 ("Warshawsky Aff.") ¶ 7. The district court nonetheless denied the motion to reconsider because it concluded that "statements made 'to my knowledge,' or similar statements made upon information and belief or upon speculation are generally insufficient to raise a triable issue of fact sufficient to defeat summary judgment." Order Denying Motion To Reconsider 6, SCR Joint Venture, L.P. v. Warshawsky, No. 06 Civ. 3532 (E.D.N.Y. Aug. 17, 2007) (Docket No. 52).

We disagree. To be sure, for summary judgment purposes, "[a] supporting or opposing affidavit must be made on personal knowledge." Fed. R. Civ. P. 56(e)(1). "The Rule's requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'" Patterson v. County of Oneida, N.Y., 375 F.3d 206, 219 (2d Cir. 2004). An affidavit making allegations on the basis of a party's personal knowledge, and not merely on information and belief, however, may be relied upon to oppose summary judgment. See id.

Jerome Warshawsky's affidavit satisfies the requirements of Rule 56(e). He stated that he was a former Vice President of IW and "fully familiar with the facts and circumstances set forth" in the affidavit. Warshawsky Aff. ¶ 1. He testified, "To my knowledge, First Capital has not been paid in full." Id. ¶ 7.

10

It is perhaps unfortunate that the drafter of the affidavit, likely not Mr. Warshawsky himself, used the phrase "[t]o my knowledge" before asserting that First Capital had not been paid in full. He could have simply said, "First Capital has not been paid in full," and thereby avoided the issue of the significance of the phrase "[t]o my knowledge." In this context, though, we think that the phrase "to my knowledge" was redundant -- it clearly meant "I know that . . . ." It does not mean that the asserted fact was made only "upon information and belief," the ordinary suggestion of which is: "I have reason to believe this fact but do <u>not</u> have personal knowledge of it."[5]

Insofar as there is confusion, it likely arises because the phrase "to my knowledge" is similar to the common expression "to <u>the best of</u> my knowledge," which seems to inject a level of uncertainty into just how sure the declarer is of the truth of the asserted fact. We need not decide today, and therefore do not address, the extent to which a statement "to the best" of an affiant's knowledge is, in a particular context, made with personal knowledge sufficient to raise a genuine issue of material fact when opposing a motion for summary judgment.

We conclude that Jerome Warshawsky's statement, based on his personal knowledge, that the Senior Creditor had not been

---

[5] Several of the cases on which the district court relied to conclude that Jerome Warshawsky's statement did not raise a triable issue of fact dealt with statements made "on information and belief," or grounded on suspicion or hearsay. The cases that specifically involved the phrase "to my knowledge," in addition to not being binding on this court, were cases, unlike this one, where the affidavit made no claim of personal knowledge.

paid raised a "genuine issue" as to whether the Senior Creditor has been paid in full, a fact, which, if established, would certainly be "material."  The district court therefore erred in granting summary judgment for SCR on this ground.

IV.  The Defense of Champerty

The Warshawskys also argue that SCR may not maintain a lawsuit against them based on its interest in the Notes and Guarantees because that interest was obtained with a champertous purpose in violation of Section 489 of New York's Judiciary Law. Section 489 renders it unlawful for a "corporation or association . . . [to] solicit, buy or take an assignment of . . . a bond, promissory note . . . or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon."  N.Y. Jud. L. § 489.  "[A]n assignment made in violation of [this] statute is void and may not be sued upon." Semi-Tech Litig., LLC v. Bankers Trust Co., 272 F. Supp. 2d 319, 331 (S.D.N.Y. 2003), aff'd and adopted in relevant part, 450 F.3d 121, 123 (2d Cir. 2006) (per curiam).  The statute is violated if the "'primary purpose . . . , if not the sole motivation behind[] entering into the transaction'" was bringing suit.  Id. (quoting Bluebird Partners, L.P. v. First Fid. Bank, N.A., 94 N.Y.2d 726, 736, 709 N.Y.S.2d 865, 871, 731 N.E.2d 581, 587 (2000)) (ellipsis in original).  But if "the accused party's primary goal is found to be satisfaction of a valid debt," and the party only intends to bring suit absent full performance of the valid debt, the statute is not violated.  Elliot Assoc., L.P. v. Banco De La

12

Nacion, 194 F.3d 363, 381 (2d Cir. 1999) (internal quotation marks omitted). The district court concluded that the Warshawskys had waived the champerty defense by failing to raise it in their answer and found that, in any event, the claim failed on the merits.

SCR offered proof, by affidavit, that it attempted to collect the debt without litigation, and that only after the Warshawskys failed to satisfy the debt did SCR decide to bring suit. Unrebutted as it is, we think this is sufficient evidence to support the district court's conclusion as a matter of law that SCR's primary goal was satisfaction of the debt, and, therefore, it did not violate section 489 in obtaining its interest in the Notes and Guarantees and bringing suit thereon. While the Warshawskys point to evidence of the denial of a license in Massachusetts to a company related to SCR because of the company's predatory collection practices, this raises no issue of triable fact as to SCR's intent in acquiring its interest in the Notes and Guarantees. The district court therefore correctly granted summary judgment to SCR with respect to the Warshawskys' claim that SCR's interest in the Notes and Guarantees is not valid because it was acquired in violation of section 489. Because the district court correctly granted summary judgment on the merits, we need not decide whether the court correctly found the argument to have been waived.

The Warshawskys had sought to determine the amount of consideration SCR had paid Summitbridge for its interest in the

13

Notes in hopes of demonstrating that it was nominal -- an indication of a champertous purpose in obtaining them. See, e.g., Aubrey Equities, Inc. v. SMZH 73rd Assocs., 212 A.D.2d 397, 398, 622 N.Y.S.2d 276, 278 (1st Dep't 1995) (finding issue of triable fact where "the transfer was for what appears to be a token consideration"). But the district court concluded, rightly in our view, that further discovery regarding the amount of consideration SCR paid for the Notes and Guarantees was not warranted. The Warshawskys had adequate opportunity to obtain that information, through discovery and otherwise, and failed to do so.

V. The "Carve-Out" Agreement

Finally, the Warshawskys conceded at oral argument that Section 2.4 of the Subordination Agreement does not bar suit on their debt under the "Carve-Out Note." It is thus not contested that summary judgment was properly granted for SCR with respect to SCR's suit for repayment on the Carve-Out Note.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's grant of summary judgment dismissing the Warshawskys' claim that SCR violated section 489 of New York's Judiciary Law. We also affirm the district court's grant of summary judgment for SCR with respect to the Carve-Out Note. But we vacate the judgment insofar as it was based on the absence of a genuine issue of material fact as to whether First Capital, the Senior Creditor, had been paid in full. The judgment of the District

14

Court is affirmed in part, vacated in part, and the case is remanded for further proceedings.