**Ernest WILKERSON, Plaintiff–Appellant,**

v.

**Lt. JOHNSON, officially and individually as an employee of the Federal Bureau of Prisons, et al., Defendants–Appellees.**

No. 07–2035–cv.

United States Court of Appeals, Second Circuit.

May 29, 2009.

Ernest Wilkerson, pro se.

Benjamin H. Torrance, Assistant United States Attorney (Sarah H. Normand, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges, and Hon. JANE A. RESTANI, Judge.*

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

1. On appeal, plaintiff fails to challenge the district court's grant of summary judgment to defendants Banks, Klingman, Martinez, Nunez, and Menifee, and does not raise any

## SUMMARY ORDER

Plaintiff Ernest Wilkerson, proceeding *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Chief Judge*), granting summary judgment to all defendants in this action brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

"We review a district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *SCR Joint Venture L.P. v. Warshawsky,* 559 F.3d 133, 137 (2d Cir.2009) (internal quotation marks omitted). We will affirm a summary judgment award only where such review reveals "no genuine issue as to any material fact" and the movant's "entitle[ment] to judgment as a matter of law." Fed.R.Civ.P. 56(c).

We identify no error in the district court's grant of summary judgment in this case. Plaintiff alleges, in sum, that defendants Johnson, Clark, and Kostomaj, in violation of the Eighth Amendment, were deliberately indifferent to the substantial risk that plaintiff would be seriously harmed when fellow inmate Benjamin Sallee—who had threatened to fight any inmate with whom he was forced to share a cell—was assigned to plaintiff's cell.[1] As the district court correctly concluded, however, even assuming that these defendants were actually aware of a substantial risk

arguments concerning his claims arising out of the September 2002 incident alleged in the complaint. Thus, we deem any arguments as to these defendants and these claims to be waived. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995).

that plaintiff would be seriously harmed when plaintiff and Sallee were placed in the cell together, this claim fails as a matter of law insofar as they "responded reasonably" to that risk. *Farmer v. Brennan,* 511 U.S. 825, 843, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also id.* at 845, 114 S.Ct. 1970 ("Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the [Eighth Amendment].").

It is undisputed that, after Sallee was transferred into plaintiff's cell, defendants stood directly outside the cell and, when Sallee began to attack the plaintiff, intervened "immediately" to defuse the situation. Moreover, plaintiff has not identified any other precautions that these defendants should have taken under these circumstances. Rather, plaintiff asserts simply that Sallee should never have been placed in his cell. This argument fails. The evidence demonstrates that the decision to place Sallee in a cell with another inmate, despite Sallee's prior refusal to consent to such an arrangement, was driven by legitimate penological concerns, including, *inter alia,* (1) an increasing prison population; (2) fairness to other inmates, many of whom would also have preferred single cells; and (3) the need to prevent Sallee from dictating the terms of his incarceration through threats of misconduct. Under these circumstances, the decision to place Sallee in plaintiff's cell was not tantamount to "gratuitously allowing the beating ... of one prisoner by another," which "serves no legitimate penological objective." *Id.* at 833, 114 S.Ct. 1970 (internal quotation marks and alteration omitted). Rather, it was a reasonable decision given "prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions," *id.* at 845, 114 S.Ct. 1970 (internal quotation marks omitted), and, in light of defendant's prompt response to Sallee's actions, cannot support an Eighth Amendment claim.

We have reviewed plaintiff's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.