09-1961-cv
Rodriguez v. The City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand and ten.

PRESENT: PETER W. HALL,
DEBRA ANN LIVINGSTON, *Circuit Judges*,
DENNY CHIN,[*] *District Judge*.

---

Edgardo Rodriguez,

*Plaintiff-Appellant*,

v.                                                                No. 09-1961-cv

The City of New York, Police Commissioner Raymond Kelly, of the New York City Police Department, individual and professional capacities, Captain Albert Pignataro, individual and professional capacities, Sergeant Anthony Pignataro, individual and professional capacities, Captain George O'Brien, individual and professional capacities, Detective Dolores Weiner, individual and professional capacities, Sergeant Gemma Masterson, individual and professional capacities, Lieutenant Andrew Smith, individual and professional capacities,

*Defendants-Appellees*,

Admin. Lieutenant Cander, individual and professional capacities, Robert Amato, Suffolk County D.A. Squad, Richard A. Brown, Queens County District Attorney, Thomas J. Spota, Suffolk County District Attorney, County of Suffolk, Suffolk County Police Department of the State of New York.

*Defendants*.

---

[*] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:  ROCCO G. AVALLONE, Cronin & Byczek, LLP, Lake Success, New York.

For Appellees:  PHYLLIS CALISTRO, counsel (Elizabeth S. Natrella, Pamela Seider Dolgow, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*), filed April 7, 2009, which, in accordance with the court's memorandum and order dated April 6, 2009, granted defendants-appellees' motion for summary judgment and dismissed the complaint. **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Edgardo Rodriguez appeals from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*) granting defendants-appellees' motion for summary judgment and dismissing the claim. Appellant claims that the district court erred in granting summary judgment for appellees on appellant's claim for unlawful termination in violation of the Fifth Amendment to the U.S. Constitution and 42 U.S.C. § 1983. We review a district court's grant of summary judgment *de novo*, drawing all inferences in favor of the nonmoving party. *See SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009). We assume the parties' familiarity with the factual and procedural history of the case, as well as the issues on appeal, which we reference only to the extent necessary to explain our decision to affirm.

We affirm for substantially the reasons stated in the district court's thorough and well-reasoned opinion. *Rodriguez v. Kelly*, No. 05-civ-10682, 2009 WL 911085 (S.D.N.Y. Apr. 6, 2009).

2

The Fifth Amendment to the U.S. Constitution states, in relevant part, that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . .." U.S. Const., Amend. V. In order to bring a successful section 1983 claim based on this privilege against self-incrimination, a plaintiff must establish a violation of the underlying privilege. *See Chavez v. Martinez*, 538 U.S. 760, 772-73 (2003) (plurality opinion) (holding that sergeant's failure to read *Miranda* warnings to suspect before questioning him did not violate suspect's constitutional rights, and thus could not be grounds for section 1983 action against sergeant). The privilege is not limited to compelled testimony in criminal cases and may be asserted "in proceedings in which answers might be used to incriminate [witnesses] in a subsequent criminal case." *United States v. Patane*, 542 U.S. 630, 638 (2004). Even when an individual has legitimate reasons to fear that statements may be used against him, however, the Supreme Court has "long permitted the compulsion of incriminating testimony so long as those statements (or evidence derived from those statements) cannot be used against the speaker in any criminal case." *Chavez*, 538 U.S. at 768; *see also Weaver v. Brenner*, 40 F.3d 527, 535 (2d Cir. 1994) (Constitution permits testimony to be compelled if neither it nor its fruits are available for such use). If a plaintiff is coerced into waiving his Fifth Amendment rights and utters self-incriminating or inculpatory statements later used against him in a criminal proceeding, he may have a potentially successful section 1983 claim. *See, e.g.*, *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998).

The district court held that Rodriguez:

> set forth neither facts nor legal authority to support a claim that his Fifth Amendment rights were violated. The plaintiff explicitly denies that he refused to answer any questions that [his interrogator] posed. (Pl. 56.1 Resp. ¶¶ 4-5) He does not contend that any statements uttered by him during the interview were

3

used against him at a criminal proceeding. Nowhere in plaintiff's affidavit, opposition memo or Local Rule 56.1 response does the plaintiff maintain that he exercised his Fifth Amendment privilege against self-incrimination, and the interview transcript does not reflect any assertion of Fifth Amendment protections.

Rodriguez, 2009 WL 911085, at *3.

We agree with the district court that Rodriguez failed to establish a violation of the Fifth Amendment. It follows that Rodriguez's claim for unlawful termination under section 1983 fails because he did not establish that his Fifth Amendment rights were violated. *See Chavez*, 538 U.S. at 772-73.

We have considered Rodriguez's remaining claims and find them to be without merit.

**CONCLUSION**

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4