10-3983-cv
Allstate Ins. Co. v. Nair

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand eleven.

PRESENT: DENNIS JACOBS,
       <u>Chief Judge</u>,
   PIERRE N. LEVAL,
   ROBERT A. KATZMANN,
       <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

ALLSTATE INSURANCE COMPANY,
  <u>Plaintiff-Counter-Defendant-</u>
  <u>Appellee</u>,

  -v.-            10-3983-CV

RADHAKRISHNAN NAIR,
  <u>Defendant-Counter-Claimant-</u>
  <u>Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:    Radhakrishnan Nair, *pro se*, Manchester, Connecticut.

FOR APPELLEES:    Robert G. Lian, Jr., W. Randolph Teslik, Akin Gump Strauss Hauer & Feld LLP, Washington, District of Columbia; Wystan M. Ackerman,

Robinson & Cole LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Radhakrishnan Nair, a former Exclusive Agent of Allstate Insurance Company, sued Allstate following the termination of his agency relationship with the company. <u>Allstate Ins. Co. v. Nair</u>, Civ. No. 3:10cv88 (SRU), 2010 WL 3719924, at *1 (D. Conn. Sept. 13, 2010). In 2003, the parties entered into a Confidential Settlement Agreement and General Release, which resolved Nair's claims. <u>Id</u>. Despite this settlement agreement, since 2005, Nair has "contacted Allstate over forty times demanding additional compensation for his termination and threatening to pursue charges of fraud and criminal activity if Allstate fails to meet [his] demands." <u>Id.</u> Allstate sued, alleging breach of contract and breach of the covenant of good faith and fair dealing. <u>Id</u>. Nair filed a counterclaim and the parties cross-moved for summary judgment on the complaint and counterclaim.

The district court concluded that Nair had breached the settlement agreement, and that Nair's counterclaim was barred by the terms of the parties' settlement agreement, as well as by the judgments entered in the prior actions. <u>Id.</u>; <u>see also</u> <u>Marvel Characters, Inc. v. Simon</u>, 310 F.3d 280, 286-87 (2d 2002). Accordingly, the court granted summary judgment in favor of Allstate in all respects.[1] <u>Nair</u>, 2010

---

[1] The district court also permanently enjoined "Nair and all persons acting in concert with him" from:

> making any statement--written or oral--in any setting or forum, including at any Allstate meeting or event, for the purpose of seeking or demanding in any manner that Allstate or any of its officers, directors, employees, attorneys or agents pay Nair money allegedly owed as a result

2

WL 3719924, at *1.  Nair appeals from the district court's judgment denying his cross-motion for summary judgment and granting summary judgment in favor of Allstate.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Having conducted a de novo review of the record, SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009), we affirm for substantially the reasons stated by the district court.

Finding no merit in Nair's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

of his relationship with Allstate as an Exclusive Agent or the termination of Nair's agency relationship with Allstate.

Nair, 2010 WL 3719924, at *2.