12-4482-cv
*Sanseverino v. Chrostowski*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand thirteen.

PRESENT:

>    GUIDO CALABRESI,
>    DEBRA ANN LIVINGSTON,
>    DENNY CHIN,

>    *Circuit Judges.*

_____

GIUSEPPINA SANSEVERINO,

>    *Plaintiff-Appellant*,

-v.-                                                    No. 12-4482-cv

JERRY CHROSTOWSKI, JOSEPH LOPA, GERALD HICKS, MICHAEL FARRELL, OFFICER CHMURA, AND DETECTIVE ANDERSON,

>    *Defendants-Appellees.*

_____

>    JON L. SCHOENHORN, Jon L. Schoenhorn & Associates, LLC, Hartford, CT, *for Plaintiff-Appellant*.

>    IRENA J. URBANIAK, City Attorney, Corporation Counsel, City of New Britain, CT, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court is **VACATED** and the case **REMANDED** for further proceedings.

Plaintiff-Appellant Giuseppina Sanseverino ("Plaintiff") appeals from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*), entered October 15, 2012, granting Defendants-Appellees' motion for summary judgment on the grounds of qualified immunity and dismissing Plaintiff's suit pursuant to 42 U.S.C. §§ 1983, 1988, and article first, § 7 of the Constitution of Connecticut. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor. *See SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009). "Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (quoting Fed. R. Civ. P. 56(c)).

Defendants-Appellees (the "Officers"), who are New Britain police officers, argued on summary judgment that they are entitled to qualified immunity on Plaintiff's claim that they violated her Fourth Amendment rights by knowingly and intentionally including false information in the affidavit for the search warrant executed on her residence. "Qualified immunity shields law enforcement officers from § 1983 claims for money damages provided that their conduct does not violate clearly established constitutional rights of which a reasonable person would have been

2

aware." *Zalaski v. City of Hartford*, No. 12-621-cv, 2013 WL 3796448, at \*4 (2d Cir. July 23, 2013). Although "[o]rdinarily, an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause," *Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012) (internal quotation marks omitted), "[w]here an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause, the shield of qualified immunity is lost." *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994) (internal quotation marks and ellipsis omitted).

Plaintiff has raised a genuine issue of fact regarding whether Officers Michael Farrell and Joseph Lopa intentionally or recklessly made misstatements and falsehoods in the warrant affidavit. The affidavits of Omar Sanchez ("Sanchez") call into question the incriminating statements he allegedly made regarding Anthony Sanseverino, including Sanchez's identification in the photo array of Sanseverino as the man who had given him marijuana. Additionally, Antonio Sanseverino's[1] affidavit, based on his personal knowledge and experience, creates a dispute of fact regarding whether officers observed Sanchez "walk up the driveway" of Plaintiff's residence at 72 Smalley Street or whether the driveway and the entrance were obscured. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Issues of fact regarding alleged falsehoods or omissions in a warrant affidavit will defeat law enforcement officers' qualified immunity defense on summary judgment only if the alleged falsehoods and omissions are *material* to a finding of probable cause. *Velardi,* 40 F.3d at 573;

---

[1] The district court incorrectly attributed the affidavit to Anthony Sanseverino.

3

*United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000). To evaluate the materiality of alleged falsehoods to the determination of probable cause, this Circuit applies the "corrected affidavit doctrine," which explains that if, "after crossing out any allegedly false information and supplying any omitted facts, the 'corrected affidavit' would have supported a finding of probable cause," then defendants are entitled to qualified immunity. *Velardi*, 40 F.3d at 573; *see also Walczyk v. Rio*, 496 F.3d 139, 158 (2d Cir. 2007); *U.S. v. Canfield*, 212 F.3d 713, 718 (2d. Cir. 2000). "[T]he materiality of a misrepresentation or omission in an application for a search warrant is a mixed question of law and fact." *Southerland v. City of New York*, 680 F.3d 127, 144 (2d Cir. 2012). Whether the allegedly false information is relevant to the probable cause determination is a question of law, while "the weight that a neutral magistrate would likely have given such information is a question for the finder of fact, so that summary judgment is inappropriate in doubtful cases." *Velardi*, 40 F.3d at 574; *see also Golino v. City of New Haven*, 950 F.2d 864, 872 (2d Cir. 1991).

Since Plaintiff has raised an issue of fact regarding whether the affidavit contained false statements about Sanchez, the question arises whether, once we "correct" the affidavit by omitting those alleged falsehoods, the affidavit contains sufficient remaining information to establish probable cause to search Plaintiff's residence.[2] "[P]robable cause to search is demonstrated where the totality of circumstances indicates a 'fair probability that contraband or evidence of a crime will

---

[2] As we have previously observed, "our review of the 'corrected affidavit' . . . differs from judicial review of a probable cause determination by a magistrate on the basis of truthful affidavits." *Velardi*, 40 F.3d at 574 n.1. Whereas a straightforward review of a magistrate's probable cause determination must be "deferential, and it is therefore limited to ensuring that a 'substantial basis' underlay the magistrate's conclusion that probable cause existed," *id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)), "where officers procuring a warrant have deliberately misled the magistrate about relevant information . . . we do not review a magistrate's prior determination of probable cause, but rather try to predict whether a magistrate would have found probable cause if he had been presented with truthful information," *id.*

be found in a particular place.'" *Walczyk*, 496 F.3d at 156 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). As the Supreme Court has explained, "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts," *Gates*, 462 U.S. at 232, and often requires consideration of "the 'veracity' and 'basis of knowledge' of persons supplying hearsay information," *id.* at 238.

Once we strike the observations of Sanchez and his incriminating statements regarding Plaintiff's son from the affidavit, the "corrected affidavit" contains the following information: (1) the tip of a confidential informant that Anthony Sanseverio, a white male age 25-30 who lives at 72 Smalley Street, is "trafficking large amounts of marijuana within the City of New Britain"; (2) an unspecified number of anonymous complaints that Anthony Sanseverino "is selling large amounts of marijuana and cocaine from this residence at 72 Smalley Street," and that he is depositing drug proceeds into his parents' bank accounts; (3) officers' knowledge of Anthony Sanseverino's past criminal history, including his record of three drug-related convictions and "multiple pending," and that he resides at 72 Smalley Street; (4) that on November 17, 2009, about one year earlier, officers executed a search at 72 Smalley Street, where they found "a small amount of marijuana floating in the water" of a toilet which they heard flushing as Anthony Sanseverino exited the bathroom; and (5) that officers arrested Sanchez for marijuana possession in the neighborhood of 72 Smalley Street.

Evaluated in isolation, each piece of information in the affidavit would likely be insufficient to show probable cause. Thus, while the confidential informant was alleged to have provided reliable information in the past, we have said that "it does not suffice to provide 'a mere conclusory statement that gives the [factfinder] virtually no basis at all for making a judgment regarding probable cause,'" *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (quoting *Gates*, 462 U.S.

5

at 239). Here, the confidential informant's tip is conclusory, provides only generally observable innocent details about Anthony Sanseverino's age, race, and residence, and does not tie the alleged drug trafficking to Plaintiff's house. The tip contains no indication of when, where, or to whom the suspect traffics drugs or how the confidential informant acquired the information. The anonymous complaints fare no better because they lack specificity of detail or basis of knowledge; the affidavit does not indicate when the complaints were received or how many there were, although surely the Officers could obtain such information. *See Alabama v. White*, 496 U.S. 325, 329 (1990) ("[A]n anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity...."); *United States v. Walker*, 7 F.3d 26, 30 (2d Cir. 1993) (anonymous tips insufficient to provide reasonable suspicion necessary for a *Terry* stop). While Anthony Sanseverino's past criminal behavior and the previous search at Plaintiff's residence do have some corroborative worth, *see, e.g.*, *U.S. v. Wagner*, 989 F.2d 69, 73-74 (2d Cir. 1993), confirmation of prior criminal behavior carries less weight than corroboration of a present offense. Finally, the arrest of Sanchez for marijuana possession in the neighborhood in which Plaintiff's residence also happens to be adds nothing to the probability that marijuana may be found in her home.

Of course, we evaluate probable cause in light of the "totality of the circumstances," and the question is whether added together these otherwise insufficient pieces of information create probable cause. Here, it is a very close question whether the corrected affidavit as a whole establishes probable cause, and the result would ultimately depend on how a magistrate weighed the information. We cannot therefore conclude, as a matter of law, that the alleged falsehoods in the affidavit were immaterial to establishing probable cause, and the district court erred in granting summary judgment on the Officers' qualified immunity defense. *See Golino*, 950 F.2d at 872 ("The

weight that a neutral magistrate would likely have given [misleading or false information] is not a legal question but rather is a question to be resolved by the finder of fact.").

Additionally, the district court erred in failing to address Plaintiff's claim that the Officers executed the search in an unreasonable manner and damaged her property. Both parties addressed this claim in their summary judgment papers, and submitted evidence in support or opposition to the claim. The dismissal of this claim without discussion was therefore erroneous.

For the foregoing reasons, the judgment of the District Court is **VACATED**, and the case **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7