UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand seventeen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

Michael J. Pratt, Administrator of the Estate of Eric J. Pratt, Deceased,

> *Plaintiff-Appellant,*

v.                                     No. 16-2538-cv

National Railroad Passenger Corporation, DBA Amtrak, New England Central Railroad, Inc., Michael E. Kujala, William C. Rae,

> *Defendants-Appellees.*

---

FOR APPELLANT:            ROBERT C. SULLIVAN, Sullivan Law, LLC, Kansas City, MO.

FOR APPELLEES:            ROBERT B. HEMLEY (Navah C. Spero, *on the brief*), Gravel & Shea PC, Burlington, VT.

---

1

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Michael J. Pratt, Administrator of the Estate of Eric J. Pratt, appeals from the district court's grant of summary judgment in favor of the Defendants-Appellees in this action for the wrongful death of Eric J. Pratt, who was only fifteen years old when he was tragically struck and killed by an Amtrak train in Vernon, Vermont on January 15, 2012. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment, 'construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.'" *Minda v. United States*, 851 F.3d 231, 234 (2d Cir. 2017) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). "Our task is 'to determine whether the district court properly concluded that there was no genuine dispute as to any material fact, such that the moving party was entitled to judgment as a matter of law.'" *Id.* (quoting *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016)).

## I. Objective Evidence of Train Speed and Horn Blasts

The district court correctly ruled that under *Scott v. Harris*, 550 U.S. 372 (2007), the objective video and data evidence furnished by the Defendants on summary judgment was sufficient to overcome all contrary eyewitness testimony

2

and preclude any genuine dispute of material fact as to the train's speed and horn blasts.

Having carefully examined the record, we cannot agree with the Appellant's contentions that there were irregularities or inconsistencies in the video and data evidence sufficient to give rise to a genuine issue of material fact. To the contrary, we are satisfied that the objective evidence is consistent. As the district court noted, the minor discrepancies in the formatting of the data reports were explained by the testimony of Amtrak's IT expert witness, who stated that the older report was generated with an older version of the report generation software, while the newer report was generated with an updated version of the software that presented the data in a slightly different format.

The Appellant claims that the video is inconsistent with the data reports because the data reports show the horn continuing after the collision, while the video shows the horn stopping immediately after the collision. Our review of the video and the data reports has revealed that the district court was correct in determining that both show the horn continuing to sound during the collision and stopping within the second after the collision. Furthermore, the relevant question is whether the horn sounded *before* impact, a fact established consistently by both video and data reports.

We conclude that the district court correctly applied *Scott v. Harris, id.*, in entering summary judgment in favor of the Defendants with respect to the allegations of negligence arising out of the train's speed and horn blasts.

## II. Causation and the Train's Emergency Brakes

In *Andrews v. Metro North Commuter Railroad Co.*, 882 F.2d 705, 709 (2d Cir. 1989), a case involving a train collision in Connecticut, we applied the "widely accepted" general principle that "absent knowledge of some disability on the part of a mature pedestrian seen on or near the tracks, a locomotive engineer who gives a proper alarm is entitled to assume that the pedestrian will heed the warning and move to a place of safety." *See also Raspente v. Nat'l R.R. Passenger Corp.*, 111 F.3d 239, 242 (2d Cir. 1997) (applying this "open run" rule under New York law). The district court applied that rule here under Vermont law, and Appellant raises no error in that decision. Accordingly, viewing the video evidence through the lens of this rule, the district court correctly concluded that there could be no genuine dispute as to the fact that the engineer could not reasonably have been expected to apply the emergency brakes any earlier than three seconds prior to the collision.

Absent expert testimony to the contrary, the district court did not err in adopting the defense expert's computation of the effect of such braking, which indicated that three seconds of braking would have slowed the train by two miles per hour and would have resulted in the train reaching the decedent's position at the intersection mere hundredths of a second later than it did. That sliver of time falls far short of the one second that the decedent would have needed to escape harm's way, regardless of whether he was continuing at his normal walking pace or diving out of the train's path immediately before impact. We find no error in the

4

district court's conclusion that a reasonable juror could not find that this difference would have been enough to avoid the collision.

Based on this, the district court did not err in granting summary judgment on the issue of causation, ruling as a matter of law that application of the emergency brake even at the earliest reasonable moment would not have made any difference in the outcome of the incident, and that any breach of duty on the part of the Defendants thus could not have been the cause of the decedent's death.

## III.  Conclusion

We have fully considered all of the Appellant's arguments in favor of reversal and find that they do not merit a different outcome. While we appreciate the impact of this tragedy on the deceased and his survivors, we are of course required to resolve this appeal by applying the law to the facts as best we can, irrespective of our sympathies.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk