16-2682-cv
*DeBerry v. Brookdale Hospital Medical Center*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand seventeen.

PRESENT:  AMALYA L. KEARSE,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
*Circuit Judges.*

---

HEATHER DEBERRY,

       *Plaintiff-Appellant,*                16-2682-cv

       v.

BROOKDALE HOSPITAL MEDICAL CENTER,

       *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Heather DeBerry, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**          Lauri F. Rasnick, Epstein Becker & Green, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 12, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Heather DeBerry ("DeBerry"), proceeding *pro se*, appeals the District Court's grant of summary judgment to defendant-appellee Brookdale Hospital Medical Center ("Brookdale") on her Title VII action. DeBerry alleged discrimination on the basis of race and national origin, hostile work environment, and retaliation. On appeal, DeBerry argues that the District Court relied on impermissible hearsay when granting summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment, 'construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.'" *Minda v. United States*, 851 F.3d 231, 234 (2d Cir. 2017) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).

DeBerry primarily argues that the District Court improperly granted summary judgment because it relied on hearsay evidence. However, DeBerry (then counseled) waived this argument by failing to object in the District Court. Fed. R. Evid. 103(a)(1)(A) ("A party may claim error in a ruling to admit or exclude evidence only if . . . a party, on the record . . . timely objects or moves to strike . . . .").

DeBerry also challenges the District Court's merits analysis, albeit only in passing. Upon independent review of the record, and principally for the reasons set forth in the District Court's July 8, 2016 memorandum and order, we conclude that the District Court properly granted summary judgment.

## CONCLUSION

We have reviewed all of the arguments raised by DeBerry on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 12, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk